IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CHERYL DEAN,<br><br>  Plaintiff,<br><br>vs.<br><br>PIVOTAL GROUP, dba RED MOUNTAIN SPA,<br><br>  Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br><br>Case No. 2:04-CV-732 TS |

This matter came before the Court on May 2, 2006, for hearing on Defendant's Motion for Summary Judgment.

The following facts are undisputed. Plaintiff Cheryl Dean, a California resident, arranged a vacation at the Red Mountain Spa in Utah. She signed a Guest Registration Form and a Notification of Outdoor Hazards and Safety Rules. She had an opportunity to read it and Red Mountain did not employ any deceptive practices to induce her to sign it. She alleges that she was injured on a guided hike. Dean does not dispute that Red Mountain would have refunded her money if she had not signed the agreement–but alleges that she was not told that it would do so.

1

Defendant Red Mountain moves for summary judgment on the grounds that the release of liability is valid under Utah law and, where Dean had an opportunity to read and understand it, it is enforceable. Dean contends that such releases are void as against public policy, that the release does not clearly and unequivocally release Red Mountain from its own negligence, and that there is an issue of fact on whether she intended to release Red Mountain from negligence liability.

The Court applies Utah law in this diversity case.[1] The undisputed facts show that Plaintiff had an opportunity to read the release and that she signed it. Under Utah law, enforcement of a recreational provider's pre-injury release does not violate public policy.[2]

Plaintiff's arguments that she did not understand the release or that it does not mention negligence are unavailing because each party has the burden to understand a contract before signing it.[3] After signing a contract, a party may not assert that they did not understand its import.[4] Further, under Utah law, even though the release does not specify that it is for alleged negligence, it is enforceable if it is sufficiently clear and unambiguous.[5]

---

[1] *Wood v. Eli Lilly & Co.*, 38 F.3d 510, 512 (10th Cir.1994).

[2] *Zollman v. Myers*, 797 F.Supp. 923, 927 (D. Utah 1992) (no public policy of Utah prohibits a snowmobile recreational park from seeking to limit its liability through a release).

[3] *Russ v. Woodside Homes, Inc.*, 905 P.2d 901, 906 n.1 (Utah Ct. App. 1995).

[4] *Id.*

[5] *Id.* at 906 (enforcing a pre-injury liability release in favor of a builder against a homebuyer who visited the home construction site). (citing *Freund v. Utah Power and Light*, 793 P.2d 362, (Utah 1990)).

Whether an ambiguity exists in a contract is a question of law that must be determined by the Court.[6] "To assess whether a contract is ambiguous, and consequently, whether the intention of the parties is unclear, the settled rule for interpreting a contract is to look to the four corners of the agreement to determine the intentions of the parties."[7]

Applying this standard to the release in the present case, the Court finds that the release is not ambiguous. In capital letters immediately above the signature line the release clearly and explicitly states that Dean "agrees to hold harmless Red Mountain from any and all liability of every kind which may arise of or in connection with participation in any activities at Red Mountain." Although other parts of the release agreement provide specific cautions about the various risks, the Court finds that those specific cautions do not create ambiguity about the scope of the release in this case.

The case that gave the Court pause is *Zollman*.[8] But, this case is distinguishable from the *Zollman* case. The Court notes that in *Zollman*, an ambiguity was created by the terms of the release agreement which told the plaintiff to stop and wait for proper instructions when she encountered a hazardous situation.[9] The Court does not find such a provision in the release in this case which would create such ambiguity.

Red Mountain has met its burden of showing that the dispositive facts are

---

[6]*Zollman v. Meyers,* 797 F.Supp. at 927.

[7]*Id.* (quoting *DeBry v. Occidental/Nebraska Fed. Sav. Bank*, 754 P.2d 60, 62 (Utah 1988)).

[8]*Id*.

[9]*Id.* at 928.

undisputed. The Court finding that the release agreement is unambiguous and, therefore, enforceable as a matter of law, Red Mountain is entitled to judgment as a matter of law. It is therefore

ORDERED that Red Mountain's Motion for Summary Judgment (Docket No. 28) is GRANTED.   It is further

ORDERED that judgment shall enter in favor of Defendant Red Mountain and against Plaintiff Dean on all claims and the clerk of court shall close this case.

DATED  June 15, 2006.

BY THE COURT:

_____
TED STEWART
United States District Judge